UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HASIBUL HASAN NAYEM,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden,
Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26-cv-777-RSH-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On February 7, 2026, petitioner Hasibul Hasan Nayem filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Thereafter, Respondents filed a return, and Petitioner filed a traverse. ECF Nos. 5, 6.

Petitioner is a citizen of Bangladesh who is currently detained at the Otay Mesa Detention Center in San Diego, California. ECF No. 1 ¶ 10. Petitioner alleges that he entered the United States on August 9, 2024, and was apprehended by Border Patrol. *Id.* ¶ 20. He was found to have a credible fear of persecution, and was released on parole on September 10, 2024. *Id.* He was placed in removal proceedings and filed an application for asylum and related relief. *Id.* ¶ 21. These proceedings apparently remain pending. On October 3, 2025, he was rearrested. *Id.* ¶ 22. The only explanation given to Petitioner for his re-arrest was that he had initially entered the country unlawfully. ECF No. 9-1 at 1

1

26-cv-777-RSH-DEB

(Petitioner's declaration).

The Petition seeks relief on the ground that Petitioner's re-arrest—without any individualized determination that the circumstances originally justifying his parole had changed, that he had violated a condition of his release, or that he was a flight risk or a danger—violated Petitioner's rights to due process, and also violated the Administrative Procedure Act.

In their return, Respondents contend that this Court lacks jurisdiction to hear Petitioner's claim. ECF No. 5 at 3–4. Respondents argue in the alternative that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1)(B), and that the Petition should therefore be denied. *Id.* at 5–6. Respondents provided a copy of the terms of Petitioner's parole, signed by Petitioner, reflecting that his parole would "automatically terminate" at the end of a one-year period beginning in September 9, 2024, "unless ICE provides you with an extension at its discretion." ECF No. 5-1, Ex. 3.

Petitioner's traverse does not dispute that Petitioner's parole had expired at the time of his re-arrest. Petitioner argues, instead, that "the government's decision to grant parole to Petitioner in 2024 'reflect[ed] a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" ECF No. 6 at 3 (quoting *Fernandez-Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319, at *2 (E.D. Cal. Oct. 17, 2025)). Petitioner further argues that a noncitizen's "'release from ICE custody constituted an implied promise that [his] liberty would not be revoked unless [he] failed to live up to the conditions of [his] release.'" *Id.* at 3 (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025)). Petitioner contends that the expiration of parole does not preclude his due process claim, citing in support several recent district court decisions. *Id.* at 4; *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025) ("Respondents point out that petitioner's parole expired … and that they were permitted to re-detain him under the statute and its implementing regulations. However, petitioner's liberty interest did not expire along with his parole."); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) ("Contrary

26-cv-777-RSH-DEB

to Respondents' arguments, [the petitioner's liberty] interest did not expire along with Petitioner's parole agreement."); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159, 1179 (D. Nev. 2025) ("That the express terms of Petitioner's parole allowed for discretionary termination or expiration does not somehow obviate the need for the government to provide an individualized hearing prior to re-detaining him given the significance of his liberty interest.").

On March 5, 2026, the Court held a hearing on the merits of the Petition. ECF No. 7. The Court advised the Parties that the case was not susceptible to resolution on the record presented, for several reasons. The Petition lacked a supporting declaration or other evidence. Respondents' return argued that Petitioner was lawfully detained pursuant to statute, but lacked a meaningful discussion of Petitioner's claims that were based on the due process clause and the Administrative Procedure Act. And Petitioner did not address the fact that his parole had expired, or offer case law on that point, until his reply brief.

The Court explained that it was setting a further briefing schedule. Petitioner would have the opportunity to file a declaration or other supporting evidence. Petitioner's supplemental brief was required to set forth, for every basis of relief sought (e.g., under the due process clause or the Administrative Procedure Act), precisely what process Petitioner claims he was entitled to receive; and to address how, if at all, the automatic expiration of Petitioner's parole was relevant to that claim. Respondents would have the opportunity to file an opposing brief. The Court communicated that it expected both sides to support their positions with an analysis of relevant case law. The Court set the dates of the briefing schedule only after asking each side how much time it needed to fully address the issues in the manner directed by the Court.

Subsequently, Petitioner filed a declaration and both Parties filed supplemental briefs. *See* ECF Nos. 8, 9, 10. The sole basis for relief advanced in Petitioner's supplemental brief was under the due process clause. *See* ECF No. 8.

//

//

3

26-cv-777-RSH-DEB

## I.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## II.   ANALYSIS

### A.   Jurisdiction

Respondents challenge this Court's jurisdiction to hear the Petition, relying on 8 U.S.C. § 1252(g). ECF No. 5 at 3–4. That provision states that, except as otherwise provided in Section 1252, and notwithstanding any other provision of law including 8 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that because Petitioner challenges his detention during removal proceedings, that detention "arises from" the Attorney General's decision to commence such proceedings. ECF No. 5 at 3–4.

The Supreme Court has interpreted the jurisdiction-stripping provision in Section 1252(g) narrowly, limiting it to "three discrete actions": the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." *Id.* In a later decision, the Court explained that it did not interpret Section 1252(g) "to sweep in any claim that can technically be said to "arise from" the three listed actions of the Attorney General. Instead, [the Court] read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

//

4

26-cv-777-RSH-DEB

Here, Petitioner is seeking to review the legality of his detention, rather than challenging the decision to commence proceedings, the adjudication of his removal case, or an action to execute his removal order. He does not seek to litigate in this Court questions of whether he is removable or whether he is entitled to relief from removal. The relief he seeks here is release from custody that he contends in unlawful. The Court concludes that Petitioner's claim is not barred by Section 1252(g).

### B. Petitioner's Due Process Claim

Petitioner's supplemental brief, in advancing Petitioner's due process claim, makes substantially similar arguments to those in his traverse, citing the same legal authority. ECF No. 8. Respondents' supplemental brief does not address that legal authority or otherwise meaningfully respond to Petitioner's due process claim. Instead, Respondents cite *Omer G.G.* for the proposition that because Petitioner's parole automatically expired, Petitioner does not have a claim that the *regulations* were violated. ECF No. 10 at 3–4. However, Respondents do not address the *constitutional* analysis in *Omer G.G.*, as cited in Petitioner's traverse and supplemental brief, which concluded that the petitioner in that case had a "protected liberty interest in his release" even though his parole had expired. *Omer G.G.*, 2025 WL 3254999, at *6. Under the circumstances of this case, and in light of the briefing directed by the Court, the Court deems Petitioner's due process claim as effectively unopposed. The Court concludes that Petitioner's re-arrest on October 3, 2025, without any evidence of an individualized determination made or communicated to Petitioner beyond the fact of the arrest itself, violated his due process rights.

As to remedy, Respondents assert, without citing any authority, that "there is no … constitutional mechanism by which the Court may compel DHS to grant humanitarian parole." ECF No. 10 at 4. Respondents further assert that "courts have consistently declined to go so far as ordering to actually *grant* humanitarian parole to a noncitizen by ordering his immediate release from custody subject to previous parole." *Id.* at 4. But Respondents do not address the case cited by Petitioner, *Ramirez Tesara*, which ordered the immediate release of a petitioner subject to expired conditions of parole. *See Ramirez Tesara*, 800 F.

26-cv-777-RSH-DEB

Supp. 3d at 1138 ("[T]he Court will restore Petitioner to this quasi-supervised stratus—i.e., following the terms of the parole agreement as if it were still in force—as was the status quo from [the expiration of the petitioner's parole] through his detention."); *id.* at 1139 (ordering respondents "to immediately release Petitioner from custody under the conditions of his expired parole agreement, as discussed above"). This Court will do the same, ordering Petitioner's release subject to the terms of his parole notice dated September 9, 2024. *See* ECF No. 5-1, Ex. 3. The Court has jurisdiction to declare Petitioner's detention unlawful and to order his release; in making that release subject to terms that the government itself has previously imposed—instead of simply ordering his immediate and unconditional release—the Court is tailoring a remedy to Petitioner's due process claim. The Court notes that the terms of the parole notice, on their face, do not appear to constrain Respondents' ability to impose or modify appropriate conditions of release.

## III.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Within ***one business day of this order***, Respondents shall release Petitioner from immigration custody under the terms of his expired parole notice. The Court declines to enjoin Respondents from imposing location monitoring or other conditions of release, as Petitioner has not provided a legal basis for such an injunction. To the extent Petitioner seeks to recover attorneys' fees, he must do so by noticed motion pursuant to the Civil Local Rules of this Court and the undersigned's Pretrial Civil Procedures.

**IT IS SO ORDERED**.

Dated: April 3, 2026

Robert S. Huie

_____
Hon. Robert S. Huie
United States District Judge

26-cv-777-RSH-DEB